———o———

## 5506.

### (Court of Appeal, Parish of Orleans.)

## ROMALIE MATHIEU vs. LOUISIANE MATHIEU, ET ALS.

1. During slavery the presumption of servitude attached to negroes alone and not to persons of color.
2. The vendee of a married woman possesses the same right as she herself had of showing that real estate purchased by her during the community in fact belonged to her separate paraphernal estate.

Appeal from the 28th Judicial District Court, for the Parish of St. John the Baptist.

Jas. Legendre, for appellant.

Robert J. Perkins, for appellee.

GODCHAUX, J.—The property in question was pur-

chased in 1872 by Azelie Francoise, who is still living, during the community which existed between her and her husband, Jean Baptiste Mathieu, who died in 1886.

The act of purchase contains no declaration that it was made with her separate paraphernal funds by her separately administered and for account of her separate paraphernal estate. The plaintiff, Romalie Mathieu, daughter and sole heir of one of the male children of this marriage, claiming that the property belonged to the community which existed between Azelie Francoise and Jean Baptiste Mathieu and that she inherited through her father an interest in the one-half belonging to the estate of Jean Baptiste Mathieu, prosecutes this suit for partition against the defendants, who purchased the property in 1909 from her grandmother, Azelie Francoise.

The defense is that the property never belonged to the community, but on the contrary was purchased by Azelie Francoise for her separate paraphernal estate with her separate paraphernal funds under her sole administration, and that consequently plaintiff is without interest.

The plaintiff now appeals from a judgment sustaining this defense and dismissing her suit.

It is claimed first that defendants should not have been permitted to rebut the presumption that the property, purchased during the marriage of Azelie Mathieu and her husband, belonged to the community and to prove that it was the separate paraphernal estate of the wife, the plaintiff contending that the right to establish the paraphernal character of her property rests in the wife alone and does not extend to her vendees.

We cannot concur in this view and we do not find such doctrine announced in our jurisprudence or in the following cases cited by appellant: **Hero vs. Bloch, 44 An.,**

1030; Hall vs. Toussaint, 52 An., 1763, and Sharp vs. Zeller, 110 La., 62. The principle which permits the wife to show that property purchased in her name during the regime of the community belongs to her separate estate, would confer upon her an extraordinary faculty if the doctrine contended for were recognized; for it would mean that as long as she kept the title in her own name she could establish her paraphernal ownership; but the moment she assigned her interest therein she would in fact confer no rights upon her vendee, for the latter would not be permitted to show she owned the property at the time of its transfer and that it did not belong to the community.

The only evidence on the merits is the testimony of Azelie Francoise and it is to the effect that she is a colored woman and that she purchased the property for cash with funds which she separately administered derived from the sale of a slave which she inherited during the war and before her marriage from her mother. Without going into the evidence in detail suffice it to say that it establishes that the property in question was the separate paraphernal property of Azelie Francoise, the author of the defendants, and plaintiff's only contention on this score is that the testimony of Azelie Francoise as to her funds derived from the sale of a slave inherited from her mother, is unworthy of belief, because, being a colored woman, she is presumed to have been a slave herself at the time of the alleged inheritance. The contention has no merit, for during slavery the presumption of servitude attached to negroes alone and not to persons of color; and we find nothing in the record that would even tend to impeach the witness' testimony.

**Hennen's Digest, Volume 2, pages 1447, et seq.**
Plaintiff pleads the prescription of thirty years, but as Jean Baptiste Mathieu died only in 1886, and as prescrip-

tion did not run during the marriage, it is evident that the prescription relied upon, even if applicable, has not accrued.

There is no error in the judgment appealed from and it is affirmed.

Judgment affirmed.

March 4, 1912.

Rehearing refused April 1, 1912.

April 23, 1912, decree Supreme Court, writ denied.